**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BERNADETTE GONZALES,

    Plaintiff,

v.                                                                                   No. CV 18-535 CG

ANDREW SAUL,
Commissioner of the Social Security
Administration,

    Defendant.

## ORDER GRANTING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

**THIS MATTER** is before the Court on Plaintiff Bernadette Gonzales' *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. 406(B) and Supporting Memorandum* (the "Motion"), (Doc. 27), filed July 23, 2020. The Commissioner did not file a response and the time for doing so has now passed. *See* D.N.M. LR-Civ. 7.4(a). However, Ms. Gonzales represents in her Motion that the Commissioner "has no objection to the petition in this case." (Doc. 27 at 2).

In her Motion, Ms. Gonzales' attorney, Laura Johnson, petitions the Court for an order authorizing attorney fees in the amount of $8,052.00 for legal services rendered before this Court. (Doc. 27 at 1). The Court, having reviewed the Motion and the relevant law, finds Ms. Gonzales' Motion is well-taken and shall be **GRANTED**.

**I.**     **Procedural Background**

Ms. Gonzales instituted an action in this Court on June 8, 2018, seeking judicial review of the Commissioner's denial of her application for disability insurance benefits. (Doc. 1 at 1); (Doc. 19 at 3). On February 8, 2019, the Commissioner stated he did not oppose Ms. Gonzales' request for relief, and recommended the case be remanded for

further review by the Administration. (Doc. 21). As a result, Ms. Gonzales' application was remanded to the Commissioner for further proceedings under 42 U.S.C. § 405(g). (Doc. 22); (Doc. 23 at 1).

On remand, Defendant Commissioner determined Ms. Gonzales was disabled and awarded her past-due benefits in the amount of $52,208.00. (Doc. 27 at 5). On May 8, 2019, Ms. Gonzales' attorney applied for, and was granted, Equal Access to Justice Act ("EAJA") fees for her work performed before this Court, totaling $4,666.20. (Doc. 24); (Doc. 25). Now, Ms. Gonzales' attorney seeks an award of $8,052, approximately 15 percent of the total past-due benefits awarded to Ms. Gonzales. (Doc. 27 at 3).

## II.  Analysis

The present issue before the Court is whether counsel's requested fee of $8,052.00 is reasonable, as mandated by the controlling statute. When reviewing counsel's request for attorney fees under § 406(b), the Court must act as an "independent check" to ensure the requested fee is reasonable, even if the Commissioner offers no objection. Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent they provide for fees exceeding 25 percent of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, there is no presumption that a 25 percent fee is reasonable. *Id.* at 807, n.17. It is counsel's burden to demonstrate the reasonableness of his or her requested fee. *Id.* at 807.

Specifically, when a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the

past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A); *see also McGraw v. Barnhart,* 450 F.3d 493, 495-96 (10th Cir. 2006). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. However, the refund of EAJA fees is offset by any mandatory deductions under the Treasury Offset Program, which may collect delinquent debts owed to federal and state agencies from a claimant's award of past-due benefits. *See* 31 U.S.C. § 3716(c)(3)(B) (2006).

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fee cases. *Id.*

Here, counsel obtained a fully favorable decision for Ms. Gonzales upon remand. (Doc. 27-1 at 1). Next, the requested fee for services performed in connection with this case is within the 25-percent cap imposed by § 406(b). The requested fee is also not disproportionately large in comparison to the amount of time spent litigating this case. *See* (Doc. 27-1 at 19). Specifically, counsel documented 23.10 hours in representing

Ms. Gonzales before the Court. *Id.*; *see e.g., Bigsby v. Colvin*, Civ. 12-1207 CG (Doc. 31) (finding fee award for 37.33 hours reasonable); *Arellanes v. Colvin*, Civ. 12-1178 KBM (Doc. 32) (finding fee award for 36.76 hours reasonable); *Dimas v. Astrue*, Civ. 03-1157 RHS (Doc. 34) (finding fee award for 38.26 hours reasonable).

In addition, counsel's hourly rate of $348.57 is within the district's average. *See Gallegos v. Colvin*, Civ. 12-321 SMV (Doc. 32) (awarding $617.28 per hour); *Montes v. Barnhart*, Civ. 01-578 BB/KBM (Docs. 19, 22) (awarding $701.75 per hour). Considering both the time spent litigating Ms. Gonzales' claim and the hourly fee, counsel's requested fee award is reasonable. *See Sanchez v. Colvin*, Civ. 16-1126 KRS (Doc. 30) (awarding $31,306.00); *Salazar v. Berryhill*, Civ. 14-283 KRS (Doc. 30) (awarding $19,442.25); *Bigsby*, Civ. 12-1207 CG (Doc. 31) (awarding $21,839.00).

In conclusion, the Court finds each component of counsel's requested fee award is reasonable. Indeed, the requested award is within the district average and is based on the successful representation of Ms. Gonzales. Moreover, both the hourly rate and the time spent litigating this case are consistent with similar awards approved in this district. As a result, having conducted an "independent check" on counsel's fee petition, the Court finds counsel's requested fee award should be approved.

### III.     Conclusion

**IT IS THEREFORE ORDERED** Ms. Gonzales' *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. 406(B) and Supporting Memorandum*, (Doc. 27), shall be **GRANTED**. Ms. Gonzales' counsel is awarded $8,052.00 for legal services performed before this Court, to be paid from Ms. Gonzales' past-due benefits previously withheld by the Commissioner. *See* (Doc. 27-1 at 13) (explaining the Commissioner

withheld $14,052.00 from Ms. Gonzales' award of past-due benefits to cover attorney fees). Counsel is further directed to refund the EAJA fee award of $4,666.20 to Ms. Gonzales.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE